1  Tigran Martinian, State Bar No. 247638
2  Tom Vertanous, State Bar No. 330760
   **MARTINIAN & ASSOCIATES, INC.**
3  2801 Cahuenga Blvd. West
   Los Angeles, CA 90068
4  Telephone (323) 850-1900
   Facsimile (323) 850-1943
5  Email(s): tm@martinianlaw.com
              tv@martinianlaw.com
6

7  Attorneys for Plaintiff
8  *Luis Meza*

9              **UNITED STATES DISTRICT COURT**
10             **CENTRAL DISTRICT OF CALIFORNIA**
11

12 | LUIS MEZA, an individual, | CASE NO.: |
13 | | |
14 | Plaintiff, | **PLAINITFF'S COMPLAINT FOR DAMAGES** |
15 | v. | |
16 | UNITED STATES POSTAL SERVICES, and DOES 1 through 50, Inclusive; | 1. NEGLIGENCE |
17 | | **DEMAND FOR JURY TRIAL** |
18 | Defendants. | |

19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

– 1 –
COMPLAINT

Plaintiff LUIS MEZA, (hereinafter "Plaintiff" and/or "MEZA"), an individual, alleges as follows on information and belief:

## THE PARTIES

### a. Plaintiff

1. Plaintiff MEZA, is, and at all relevant times was, a resident of County of Los Angeles, State of California.

### b. Identified Defendants

2. Defendant United States Postal Service ("USPS") is an agency of the United States government that provides postal services to the general public.

### c. Unidentified Defendants

3. The full extent of the facts linking the fictitiously designated Defendants, and each of them, with the causes of action alleged herein is unknown to Plaintiff, or the true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise of Defendants DOES 1 through 50 are unknown to Plaintiff at this time, who therefore sue said Defendants by such fictitious names and will ask leave of Court if required to amend this Complaint to show their true names and capacities when the same are ascertained. Each and every Defendant designated herein as a "DOE" is responsible in some actionable manner for the events and happenings referred to herein and proximately caused injuries to the Plaintiffs as hereinafter alleged and Plaintiffs will amend this Complaint to state the manner in which each fictitious Defendant is so responsible.

4. Plaintiff is informed and believes, and thereon alleges, that at all relevant times Defendants DOES 1 through 50, inclusive, and each of them, owed decedent and each plaintiff a duty of care which they breached, and which resulted in the harm to plaintiff, as hereinafter alleged, and in ways that are presently unknown to Plaintiff. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 50, inclusive, are unknown

to Plaintiff who therefore sues such defendants by such fictitious names. Said DOE defendants may include, but do not necessarily include, individuals, businesses, corporations, partnerships, associations, joint ventures, trusts, L.P.'s, LLCs, LLPs, defendants that are governmental in nature, as well as product manufacturers, medical providers, professionals, subsidiaries, professionals, contractors, estates, administrators of estates, trusts and/or all other types of entities and/or individuals, as discovery in this matter may reveal. Any conditions precedent to the filing of suit and/or the naming of a defendant herein that may apply have been, or will be, complied with in full by plaintiff including, but not limited to, the filing of claims, notices and/or the taking of such other action as maybe required by applicable law. Regardless, Plaintiff alleges that each of the defendants designated herein as a DOE is, or may be, legally responsible in some manner for the events and happenings herein referred to, and legally caused injury and damages proximately thereby to Plaintiff as herein alleged. Plaintiff will amend this complaint, according to the applicable laws of this Court, with the true names and capacities of the DOE defendants when ascertained.

5.  At all times hereinafter mentioned, Plaintiff will show, according to proof, that various defendants were the agents, servants, employees, associates, partners, in a conspiracy with, co-conspirators of, and/or joint venturers of, each other, and were as such, acting within the scope and authority of said agency, employment, association, conspiracy and/or joint venture, and with the permission and consent of their co-defendants and/or that all of said acts were subsequently performed with the knowledge, acquiescence, ratification and consent of the respective principals, and the benefits thereof were accepted by said principals. Defendants also conducted themselves through acts and/or omissions on their part, so as to cause all others to believe the remaining defendants to be their agents. Various defendants attempting to operate in the corporate form, LLC form or as a Limited Partnership, or otherwise, have, due to acts and/or omissions on their part

lost the protections of the applicable form due to failures to comply with required formalities and rules, as will be shown according to proof.

6.   At all times hereinafter mentioned, all of the acts and conduct hereinafter described of each and every corporate defendant was duly authorized, ordered and/or directed by the respective defendant's corporate employees, and the officers and management-level employees of said corporate defendants and that said corporate defendants participated in the acts and conduct of their said employees, agents and representatives and each of them, and upon completion of the aforesaid acts and conduct of said corporate employees, agents and representatives, the defendant corporations, individually and collectively, ratified, accepted the benefits of, condoned, lauded, acquiesced, approved and consented to each and every one of the said acts and conduct of the aforesaid corporate employees, managing agents, directors, executives and representatives. At all times hereinafter mentioned, defendants retained the ability to exercise, and in fact exercised, substantial control, whether contractual, actual, implied or otherwise, over the means and manner in which the remaining defendants conducted their business and had the power to influence the remaining defendants.

7.   At all times hereinafter mentioned, plaintiff will show, according to proof, that various defendants were, and remain, the alter egos, successors, and/or successors in interest, of the remaining defendants.

8.   As to "alter ego liability" defendants, it is alleged, upon information and belief, that as to those defendants, that at all times there existed such a unity of interest and ownership among those defendants such that any separateness ceased to exist that one was a mere shell or instrumentality through which the other carried out their business and that each defendant exercised such complete control over the other and so dominated it to achieve individual goals and so ignored business formalities that any separateness was merely a fiction, and did not in fact exist, and should be deemed not to exist, and as such, if acts are alleged as against

one defendant in this complaint, it is alleged that that defendant acted for itself as well as on behalf of its alter egos.  Among other things, those defendants did one or more of the following acts supporting its alter ego liability: commingled corporate funds; failed to observe corporate formalities including maintaining minutes and failure to contribute sufficient capital; commingled funds or other assets;  used corporate funds for something other than corporate uses;  failed to maintain adequate corporate records; deliberately confused the records of the separate entities;  had the same directors and officers of the two or more corporations;  used the same office or business location; utilized the same employees and/or attorney;  failed to adequately capitalize the corporation; used the corporation as a mere shell, instrumentality or conduit for a single venture; failed to maintain an arm's length relationship among related entities; and/or used a corporate entity to procure labor, services or merchandise for another entity. Moreover, injustice would result but for the finding of alter ego liability as to these defendants, and as such this Court should pierce the corporate veil.  Further, since alter ego applies here, a corporation's shareholders are treated as "partners" and are held jointly and severally liable for its debts and plaintiff notes that ownership of even one share is sufficient to impose alter ego liability, and it is thus alleged, upon information and belief, that various defendants as alter egos, are also active shareholders in the remaining defendants, influenced and governed the remaining corporate defendants and as such can, and should, be held liable as an alter ego of each and every remaining defendant.

9. As to those defendants liable under theories of "successor liability and/or successor in interest liability," it is alleged that, as to those defendants, one or more of the following factors exists: there is a mere continuation on the part of defendants; a common identity of directors, officers and shareholders from predecessor corporations to successor corporations; that assets were purchased; that the defendants are successors and successors in interest, of both assets and



liabilities of the others; and that among other things, one or more of the following facts exist and/or are in play, particularly given various documented mergers on record with the State of California Office of the Secretary of State: a continuation of the enterprise, i.e., that key people of the predecessor are involved in the new entity, the same name, location, facilities or product is used, the assets were bought by the new entity and the operations are the same; the seller dissolved or ceased doing business after the sale; the purchaser assumed the liabilities and obligations ordinarily necessary to continue doing business; and/or the new entity holds itself out as an effective continuation of the seller.

10. The use of the term "defendants" or "defendants" in any of the allegations in this complaint, unless specifically alleged otherwise, is intended to include and charge, both jointly and severally, not only the named defendants, but also all defendants designated as DOES 1 through 50, inclusive, as though the term "defendants" was followed in each and every instance throughout this complaint with the phrase "and each of them jointly and severally, including all named defendants and defendants included herein and sued under the fictitious names of DOES 1 through 50, inclusive.

## **JURISDICTION & VENUE**

11. This Court has jurisdiction under 28 U.S.C §1441(a).

12. Venue is proper in this district pursuant to §§1291(b) and (c). All actions complained of herein take place within the jurisdiction of the United States Court, Central District of California.

## **CLAIM'S NOTICE**

13. For those claims brought herein, Plaintiff is required to comply with Federal Torts Claim Act ("FTCA") 28 U.S.C. § 2675. ). Plaintiff complies with the applicable claims statutes by filing and properly serving a notice of Federal Torts



Claim Act against the USPS on September 12, 2019 within two (2) years of the date of discovery of incident that gives rise to this lawsuit, presenting all facts and claims then known and/or reasonably known to plaintiff concerning the events referenced herein.

14. On June 29, 2021 Plaintiff received a written notice from the USPS rejecting the claims presented.

15. This action is timely commenced within six (6) months of such rejection.

## ALLEGATIONS COMMON TO ALL COUNTS

16. On or about August 2, 2019 Plaintiff was riding his bicycle northbound on Balbo Boulevard at the intersection of Chatsworth Avenue, in the city of Los Angeles, County of Los Angeles, State of California.

17. Upon receiving the green light, Plaintiff began riding his bicycle within the marked cross walk. An unknown USPS employee, who at the time of the incident was operating a USPS vehicle, attempted to make a right-hand turn onto Chatsworth Avenue, striking the Plaintiff and thwarting him off his bicycle—causing injuries.

## FIRST CAUSE OF ACTION

### Negligence

**(Against All Defendants and DOES 1 through 50)**

18. Plaintiff repeats, reiterates and incorporates each and every fact and/or allegation set forth in all prior paragraphs of this complaint in its entirety, as if fully set forth herein.

19. Defendants acted negligently and carelessly in operating their motor vehicle.

20. Defendants violated among other things, Vehicle Code §21950(a), which in pertinent part requires "the driver of a vehicle [to] yield the right-of-way to a pedestrian crossing the roadway within any marked crosswalk or within any unmarked crosswalk at an intersection."

21. As a direct and proximate cause of Defendants' negligent acts, Defendants' vehicle collided with the Plaintiff and his bicycle—causing Plaintiff to fall off his bicycle and onto the pavement—resulting in injuries.

22. As a result of these injuries, Plaintiff has experienced loss of wages and incurred medical expenses.

## **PRAYER**

WHEREFORE, Plaintiff LUIS MEZA prays for judgment as follows:

1. For general damages, including but not limited to pain, suffering, disability and mental and emotional distress, past, present, and future, according to proof at the time of trial;
2. For special damages for medical and other associated costs, loss of earnings, loss of earnings potential or capacity, loss of use, property damage, incidental and related expenses incurred to date and to be incurred in the future, all according to proof at the time of trial;
3. For prejudgment and post-judgment interest according to law and proof, to the extent authorized by law;
4. For all costs according to proof and as allowed by law; and,
5. For such other and further relief as the Court may deem just and proper, as authorized by law.

Dated: August 2, 2021                     **MARTINIAN & ASSOCIATES, INC.**

*Tom Vertanous*

By:     Tigran Martinian
        Tom Vertanous

*Attorneys for Plaintiff*

## **REQUEST FOR JURY TRIAL**

Plaintiff hereby demands a jury trial in this action as allowed by the State of California and/or the United States of America law.

Dated: August 2, 2021        **MARTINIAN & ASSOCIATES, INC.**

*Tom Vertanous*
_____
By:    Tigran Martinian
       Tom Vertanous

*Attorneys for Plaintiff*



– 10 –